UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| WISDOM ONYOBENO,<br>      Petitioner,<br><br>      v.<br><br>ATTORNEY GENERAL<br>MERRICK B. GARLAND, et al.,<br>      Respondents. | )<br>)<br>)<br>)<br>)    Ca. No. 22-148-JJM-LDA<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Wisdom Onyobeno has petitioned this Court under 28 U.S.C. § 2241 for release from pretrial custody. The Court finds that Mr. Onyobeno's petition for writ of habeas corpus (ECF No. 1) is improperly brought under § 2241 and thus DISMISSES his petition without prejudice.

## I.   FACTS

On November 19, 2019, Mr. Onyobeno was arrested in the Northern District of Georgia, pursuant to a Complaint filed in this District.  Mr. Onyobeno appeared before Magistrate Judge Janet F. King in the Northern District of Georgia. Magistrate Judge King granted Mr. Onyobeno bail and ordered him released.  The Government filed a motion for a stay, which Magistrate Judge King granted,  to appeal the release order.

On November 25, 2019, the Government filed an emergency motion in the District of Rhode Island to revoke Magistrate Judge King's order of release. Magistrate Judge Lincoln D. Almond of this Court granted the motion the same day.

Subsequently, a grand jury sitting in this District returned a Superseding Indictment. Mr. Onyobeno was transported to the District of Rhode Island, where Magistrate Judge Almond appointed counsel, arraigned Mr. Onyobeno, and conducted a detention hearing on January 9, 2020. Mr. Onyobeno did not request bail but reserved the right to argue for bail in the future.

Over a year later, Mr. Onyobeno, through counsel, filed his first motion for bond. However, he later moved to withdraw the motion, which the Court granted. After several more months passed, and with new counsel, Mr. Onyobeno filed a second motion for bond, which Magistrate Judge Almond denied by text order dated August 18, 2021. Mr. Onyobeno did not appeal the denial to the District Judge. Instead, he filed the instant petition for writ of habeas corpus under § 2241.

## II.   ANALYSIS

Section 2241 states in relevant part:

The writ of habeas corpus shall not extend to a prisoner unless--

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .
>
> . . . .

28 U.S.C. § 2241(c). However, "[t]o be eligible for habeas relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies." *Cassaday v. United States*, No. 1:22-cv-242, 2022 WL 896915, at *2 (W.D. Mich. Mar. 28, 2022)

(quoting *Medina v. Choate*, 875 F.3d 1025, 1028 (10th Cir. 2017)). Moreover, "[t]he writ of habeas corpus should not do service for an appeal." *United States v. Addonizio*, 422 U.S. 178, 184 n.10 (1979).

As an initial matter, the Court concludes that it has jurisdiction over the petition because Mr. Onyobeno is being held in Rhode Island. *See Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). The Court, however, must dismiss the petition. *See Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action."); *Medina*, 875 F.3d at 1029 (adopting "general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial.").

Here, Mr. Onyobeno challenges his continued detention as unlawful and unconstitutional. Pet. at 7-8.[1] However, "a federal detainee's request for release pending trial can only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief." *Reese*, 904 F.3d at 245; *see also id.* at 247 ("[F]ederal defendants who seek pretrial release should do so through the means authorized by

---

[1] Page numbers reflect the pagination generated by the Court's electronic filing system (CM/ECF).

the Bail Reform Act, not through a separate § 2241 action."); *Cassaday*, 2022 WL 896915, at \*2 (quoting *Reese*, 904 F.3d at 247).[2] Although Mr. Onyobeno eventually filed a motion for bond under 18 U.S.C. § 3145 (ECF No. 64), which the Court denied, he did not exhaust the remedies available under that statute. Therefore, dismissal of the Petition without prejudice is warranted. *See Cassaday*, 2022 WL 896915, at \*2; *see also Medina*, 875 F.3d at 1029 ("Although the earlier cases did not speak in terms of exhaustion of remedies in federal court . . . the term conveys the heart of the matter—that the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief.").

III.   **CONCLUSION**

A § 2241 petition is not the proper vehicle for challenging Mr. Onyobeno's pretrial detention. *See Reese*, 904 F.3d at 247. The Court therefore DISMISSES Wisdom Onyobeno's petition for writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2241 without prejudice.

---

[2] The *Reese* court described the "comprehensive scheme governing pretrial-release decisions" under the Bail Reform Act:

> First a judicial officer will order the defendant's release or detention. *See* 18 U.S.C. § 3142. If an initial detention order is issued by a magistrate judge, the defendant can file a motion asking the District Court to revoke or amend that order. *See id.* § 3145(b). And, if the District Court denies relief, the defendant can file an appeal, which "shall be determined promptly." *Id.* § 3145(c).

904 F.3d at 247; *see also* 18 U.S.C. § 3145.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

Date:  May 9, 2022